LUTHE HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 708.    Promulgated February 3, 1927.

On December 20, 1917, the petitioner declared a cash dividend of 200 per cent payable by or before December 27, 1917, from the company's earnings of 1916, 1915, 1914, 1913. The dividend was immediately paid in cash to one of the stockholders and was credited to the two principal stockholders. In March, 1918, the petitioner received authority to increase its capital stock and the credits to the two principal stockholders were canceled and additional shares of stock issued to such stockholders on March 9, 1918. *Held,* that the dividend declared as a cash dividend on December 20, 1917, was not a stock dividend and that the petitioner was not entitled to include in invested capital from January 1 to March 9, 1918, the amount of cash dividend used by the stockholders entitled thereto for the purpose of acquiring additional shares of capital stock.

*C. B. Stiver, Esq.,* and *A. S. Schaetzle, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits tax for the year 1918 in the amount of $4,685.64. The points in issue are (1) whether a dividend declared by the petitioner on December 20, 1917, was a cash dividend or a stock dividend, and (2) if a cash dividend, whether the petitioner is entitled to include in invested capital the amount of the dividend declared which was utilized by the stockholders entitled thereto in acquiring additional shares of stock issued on March 9, 1918.

### FINDINGS OF FACT.

Petitioner is an Iowa corporation with its principal place of business in the City of Des Moines. It is engaged in the wholesale hardware business. Prior to January 1, 1918, it was a close corporation with an issued and outstanding capital stock of $150,000, which was represented by 300 shares of stock, each share having a par value of $500. Of this amount, F. H. Luthe held 142 shares, C. J. Luthe 142 shares, Emma Luthe 6 shares, and A. J. Cook 10 shares. The first three named stockholders were brothers and sister.

The business of the petitioner had been very profitable and F. H. Luthe and C. J. Luthe determined ultimately to relinquish their interests in the corporation to certain faithful employees. This was discussed during the year 1917 and certain of the employees were advised of what was running in the minds of the two Luthe brothers. In years prior to 1917 it had been the practice of the corporation to declare a dividend once a year, usually during the first three months of the year. On December 20, 1917, a special meeting of the stockholders of the corporation was held for the purpose of declaring a dividend and the minutes of the corporation show " upon motion a cash dividend of 200 per cent was declared payable by or before December 27, 1917, from the company's earnings of 1916, 1915, 1914, 1913."

Checks were drawn for the amounts of the dividend payable to Emma Luthe and A. J. Cook and the check payable to the former was cashed. The check payable to A. J. Cook was held at his instance by an officer of the corporation until such time as additional shares of stock should be issued and the check was ultimately endorsed by Cook and utilized in purchasing additional shares of stock when such additional shares of stock were available for issuance. The amounts of the dividend payable to F. H. Luthe and C. J. Luthe were placed to their credit upon the corporation's books of account and in the balance sheet as of December 31, 1917, were shown as accounts payable. The balance sheet as of that date shows as follows:

| ASSETS. | | LIABILITIES. | |
|---|---|---|---|
| Cash | $46,187.42 | Accounts payable | $385,275.60 |
| Certificates of deposit | 70,000.00 | Reserve for taxes | 67,921.58 |
| Merchandise inventory | 386,487.72 | Capital stock | 150,000.00 |
| Accounts receivable (trade) | 155,263.38 | Surplus | 255,470.06 |
| Bills receivable | 40,000.00 | | |
| Real estate (lot) | 165.53 | | |
| Truck | 1,795.13 | | |
| Liberty bonds | 35,676.00 | | |
| Iowa State warrants | 123,092.06 | | |
| Total | 858,667.24 | Total | 858,667.24 |

In the early part of March, 1918, the petitioner sought authority from the Executive Council of Iowa to increase its capital stock from $150,000 to $600,000, and to change the par value of each share from $500 to $100, and also for authority to issue one-half of the total capital stock as common stock and the other half as 6 per cent cumulative preferred stock. Upon the verbal assurance that the authority would be granted, the petitioner on March 9, 1918, distributed to F. H. Luthe and to C. J. Luthe all inadmissible assets held by the corporation which consisted of municipal bonds in the amount of $123,092.06 acquired prior to 1918 and $9,625 acquired February 24, 1918, plus accrued interest on the same in the sum of $2,330.81,

making a total amount distributed to these two stockholders on that date of $135,047.87. On the same date about fifty written contracts were entered into with employees of petitioner corporation by F. H. Luthe and C. J. Luthe and the corporation for the purchase by the employees of additional shares of stock. The corporation joined in this contract for the purpose of giving it the right to repurchase the stock of any employee who should sever his connection with the company.

On March 13, 1918, there was also distributed to F. H. Luthe and C. J. Luthe the sum of $41,086.11 in completion of the transactions whereby the corporation reached the capitalization of $600,000.

On March 12, 1918, written application was made to the Executive Council of Iowa for authority to issue additional capital stock in the sum of $450,000. The authority was granted under date of March 28, 1918, in specific words as follows:

* * * To issue additional stock in the sum of $450,000 in exchange for merchandise valued at $386,487.72, accounts receivable in the sum of $154,-435.58, furniture and fixtures valued at $6,000, supplies valued at $2,000, and cash in the amount of $55,802.24, as listed, described and referred to in the application and appraisements of said company on file with the Executive Council.

In its profits-tax return for the year 1918, the petitioner included in invested capital the amounts placed to the credit of F. H. Luthe and C. J. Luthe as a result of the cash dividend declared on December 20, 1917, from January 1 to March 9, 1917. The Commissioner has reduced the invested capital of the corporation in the amount of the cash dividend thus declared and credited to the principal stockholders.

### OPINION.

SMITH: The petitioner complains that the Commissioner has erroneously excluded from its invested capital for the calendar year 1918 the amount of a dividend declared on December 20, 1917, and placed to the credit of the principal stockholders' accounts as of that date. The petitioner contends that the dividend was in effect a stock dividend.

From the evidence of record it is to be noted that the corporation, on December 20, 1917, declared a cash dividend. It so designates the dividend declared and the dividend was paid in cash to the two minority stockholders and the check drawn in payment of the dividend to one of the minority stockholders was immediately cashed. It is the contention of the petitioner that the corporation was in error in using the word "cash" in referring to this dividend; that it was never the intention of the petitioner to declare a cash dividend; that at the time the dividend was declared it was the contemplation of the two Luthe brothers that the capital stock of the

corporation would be increased and that they should receive shares of stock in place of cash for the dividend payable to them.

Whether a dividend declared is a cash dividend or a stock dividend is a question of fact to be determined from all the circumstances in the case. The courts will look to substance and not form in determining the issue. *United States* v. *Mellon*, 279 Fed. 910; (C. C. A.) 281 Fed. 645; *United States* v. *Davison*, 1 Fed. (2d) 465; *Appeal of Theresa Zellerbach*, 2 B. T. A. 1076.

The facts which obtain in this case are substantially different from those which obtained in the cases above referred to. The evidence is by no means convincing that it was the intention of the two Luthe brothers that the cash dividend declared on December 20, 1917, should not be paid to them in cash. The corporation had undivided profits greatly in excess of the amount of the dividend declared and the amount of cash and liquid investments was in excess of $300,000. The corporation had no authority at the time the dividend was declared to increase its outstanding capital stock. In our opinion, the case at bar is similar to cases hereinbefore decided by the Board to the effect that a dividend paid was a cash dividend and not a stock dividend. *Appeals of A. H. Stange*, 1 B. T. A. 810; *Wm. H. Davidow Sons Co.*, 1 B. T. A. 1215; *Eugene E. Paul*, 2 B. T. A. 150; *W. J. Hunt*, 5 B. T. A. 356.

The second point for decision is whether the dividend declared on December 20, 1917, should be considered as reducing the surplus and therefore the invested capital from the date of declaration. The law is well established that as soon as the dividend is lawfully and fully declared out of surplus profits the corporation becomes indebted from that moment to each stockholder for the amount of his share. *W. E. Caldwell Co.* v. *Commissioner*, 6 B. T. A. 47. The amount so declared, therefore, represents borrowed capital and as such can not be included in invested capital.

> *Judgment will be entered for the Commissioner.*